**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

                        **CIVIL ACTION**

**IN RE: HENDRIKUS EDWARD TON**        **NO: 21-514**

                        **SECTION: "H"(1)**

## ORDER AND REASONS

Before the Court is Appellant's Motion to Stay Pending Appeal (Doc. 12) and Appellant's Appeal from the Bankruptcy Court's order confirming the Debtor's plan of reorganization (Doc. 1). For the following reasons the Motion is DENIED, and the Bankruptcy Court's decision is AFFIRMED.

## BACKGROUND

This matter comes before this Court as an appeal of a February 21, 2021 judgment of the Bankruptcy Court confirming the Debtor Hendrikus "Hank" Edward Ton's Chapter 11 plan of reorganization ("the Plan"). Hank Ton and Appellant Lynda Ton were married in 1987, and Lynda Ton filed for divorce on November 14, 2012 in Louisiana's 25th Judicial District Court. A judgment of divorce was later issued, terminating the community property regime retroactive to that date. During the marriage, the Tons owned and operated several businesses, including Abe's Boat Rentals Inc. ("ABR").

1

On April 27, 2018, Hank Ton filed a voluntary petition under Chapter 11 bankruptcy in the Eastern District of Louisiana. On October 8, 2018, Lynda Ton removed the community property partition petition to this Court, and it was referred to the Bankruptcy Court. On February 9, 2021, a confirmation hearing was held during which the Debtor put on evidence that the proposed Plan satisfied the requirements for a nonconsensual Chapter 11 "cramdown" under 11 U.S.C. § 1129. On February 21, 2021, the Bankruptcy Court entered an order confirming Hank Ton's plan of reorganization ("the Confirmation Order"). The Confirmation Order authorized the liquidator to sell the remaining assets of the estate, including a home in which Lynda Ton still resides.

Appellant Lynda Ton appealed the Confirmation Order to this Court on March 12, 2021.  The matter was fully briefed on August 18, 2021. On October 7, 2021, Lynda Ton filed a Motion to Stay Pending Appeal, seeking an order staying implementation of the Plan. Hank Ton opposed. The Court will consider both Lynda Ton's Motion to Stay and her arguments on appeal.

## LEGAL STANDARD

Where a district court sits as an appellate court in a bankruptcy case, "[t]he bankruptcy court's findings of fact are reviewed under a clear error standard, while conclusions of law are reviewed de novo."[1] "The burden of establishing a clearly erroneous determination is a stringent one; to be

---

[1] In re Amco Ins., 444 F.3d 690, 694 (5th Cir. 2006).

convinced, the court must be left with a definite and firm conviction that a mistake has been committed."[2]

## LAW AND ANALYSIS

### A. Motion to Stay Pending Appeal

Bankruptcy Rule 8007 governs the filing of a motion seeking a stay pending appeal.

> The movant seeking a stay of a bankruptcy court order pending appeal has the burden of satisfying four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.[3]

A "district court's decision to grant or deny a stay pending appeal rests in the discretion of that court."[4]

Hank Ton argues, among other things, that Lynda Ton's request for a stay is untimely. Rule 8007 states, in pertinent part, that "[t]he motion may be made either before or after the notice of appeal is filed."[5] "Implicit in the Rule is the requirement that the motion for stay pending appeal be timely filed."[6] Courts have found a delay of two months to be untimely.[7] Here, Lynda Ton

---

[2] Prudential Credit Servs. v. Hill, 14 B.R. 249, 250 (S.D. Miss. 1981).

[3] Burgess v. Powers, No. 3:19-CV-2711-B, 2019 WL 7037581, at *3 (N.D. Tex. Dec. 20, 2019) (internal quotations omitted); Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

[4] In re First S. Sav. Ass'n, 820 F.2d 700, 709 (5th Cir. 1987).

[5] FED. R. BANKR. P. 8007(a)(2).

[6] In re Bullitt Utils., Inc., No. 15-34000(1)(7), 2019 WL 6003244, at *1 (Bankr. W.D. Ky. Nov. 13, 2019) (citing In re Kaplan, 373 B.R. 213, 215 (B.A.P. 1st Cir. 2007)).

[7] *See* In re Kaplan, 373 B.R. 213, 215 (B.A.P. 1st Cir. 2007) ("The Appellant sat on his hands for two months."); *In re Bullitt Utils., Inc.*, 2019 WL 6003244, at *1 (finding delay of "nearly five months" to be untimely); In re Stage Coach Venture, LLC, No. 1:15-BK-

3

waited more than seven months from entry of the Confirmation Order to move for a stay of the Order pending appeal. At the time that she filed her Motion to Stay, her appeal was fully briefed before this Court. Lynda Ton has not provided any good cause for her delay in seeking a stay of implementation of the Plan pending appeal. The request appears to have been precipitated by a notice filed on September 30, 2021 that the liquidator had received offers to purchase some of the estate property. If Lynda Ton wanted to avoid this outcome, she could have moved for a stay promptly after entry of the Confirmation Order.[8] Further, this Court finds that its resources are best spent considering the success of the merits of Lynda Ton's appeal—which is fully briefed before it—rather than considering whether she has shown a substantial likelihood of success on the merits in considering a stay. Accordingly, this Motion is denied as untimely.

### B. Appeal

Appellant Lynda Ton argues that the Bankruptcy Court erred in confirming the Plan of Reorganization and denying her Motion to Convert the Bankruptcy to Chapter 7 and Appoint a Trustee for several reasons. This Court will consider each in turn.[9]

---

13471-VK, 2017 WL 664015, at *3 (Bankr. C.D. Cal. Feb. 17, 2017) (finding four-month delay to be untimely).

[8] *In re Stage Coach Venture, LLC*, 2017 WL 664015, at *3.

[9] This Court did not address arguments raised for the first time in reply or not included in Appellant's Statement of Issues. *See* Matter of Walker Cnty. Hosp. Corp., 3 F.4th 229, 236 (5th Cir. 2021); In re McCombs, 659 F.3d 503, 510 (5th Cir. 2011) ("It is clear that under our case law, even if an issue is argued in the bankruptcy court and ruled on by that court, it is not preserved for appeal under Bankruptcy Rule 8006 unless the appellant includes the issue in its statement of issues on appeal." (internal quotation omitted)).

4

### i.   Claim of OCM ENGY Holdings, LLC

First, Appellant argues that Claim No. 8 in the amount of $9,533,759.09 was erroneously classified as a community claim. Claim No. 8 includes the amount of two loans advanced by Hancock Whitney Bank. OCM ENGY Holdings, LLC acquired the loans from Hancock Whitney Bank prior to plan confirmation. Appellant argues that the loans were incurred in 2014 and 2015, respectively—well after the 2012 termination of the community—and therefore should not be classified as community claims.

In his response, the Debtor explains that the reorganization plan splits claims into three classes: Class 3 are General Unsecured Community Claims, which are allowed to receive pro rata distributions from the sale of community property following payment of higher priority claims; Class 4 are claims for partition of former community property, which may receive payment after all higher priority claims under the Plan; and Class 5 are General Unsecured Non-Community Claims, which will be paid solely out of Hank Ton's separate property. The Debtor explains, however, that the Plan does not classify the Hancock Whitney loans as either community or non-community. Indeed, the Plan expressly states that:

> After payment of the proceeds of the sale of the Hancock Whitney Bank Collateral, any remaining unsatisfied portion of Hancock Whitney Bank's Claim will be treated as a Class 3 General Unsecured Community Claim to the extent that such portion qualifies as a community claim, or a Class 5 General Unsecured Non-Community Claim to the extent it does not.[10]

---

[10] Plan, Section 7.4

Further, the plan preserves the Debtor's ability to object to the classification of claims. Accordingly, Appellant's argument that the loans should not have been classified as community property does not have merit.[11]

For the first time in her reply brief, Appellant argues that the Plan *should have* classified the claims as either community or non-community. The law she cites does not, however, stand for this proposition.[12] Further, the Court does not consider arguments raised for the first time in reply.[13]

### ii.  *Magnolia, MS Parcel*

Next, Appellant argues that the Plan erred in treating the property at 1079 Bullock Road, Magnolia, Mississippi, Parcel No. 900648-C, as separate property. Appellant sets forth facts showing that the property was purchased by the Tons in 1991 and that the couple did extensive repairs to the property in 2001. Appellant argues that Hank Ton has referred to the property as community throughout this litigation. In 2013, Hank Ton was granted exclusive use and occupancy of the property. Thereafter, Hank Ton granted use of the property to Magnolia Outdoors (MS), LLC, a company he organized after the bankruptcy petition was filed.

Here again, the Plan does not appear to classify the Parcel No. 900648-C as separate property. The Plan's only reference to the parcel indicates that the liquidator does not intend to sell it. Accordingly, this Court does not find

---

[11] The Court further notes that Claim 8 is the subject of a Motion for Leave to Appeal filed by Lynda Ton pending before this Court. Case No. 22-cv-599.

[12] *See* 11 U.S.C. § 1123(a) (stating that a plan shall "designate, subject to section 1122 of this title, classes of claims").

[13] *See Matter of Walker Cty. Hosp. Corp.*, 3 F.4th at 236 ("Since 'arguments raised for the first time in a reply brief are waived,' *United States v. Gas Pipe, Inc.*, 997 F.3d 231, 242 (5th Cir. 2021), the district court—as an appellate court, in this bankruptcy case—rightfully did not consider these arguments.").

that this argument could support a finding that the Bankruptcy Court erred in confirming the Plan.

### iii.   *Lynda Ton's Claim for $263,924.12*

Next, Appellant complains that the Plan does not provide for payment of her claim of $263,924.12 based upon the liquidation of a former community life insurance policy. Again, this objection addresses the Bankruptcy Court's classification of property as community or non-community. The Plan does not attempt to make such classifications and thus this argument is not a valid basis for reversing the Bankruptcy Court's decision to confirm it.

### iv.   *Hank Ton Acted in Bad Faith*

Appellant next argues that Debtor Hank Ton has failed to adequately disclose to the Bankruptcy Court all of his assets, income, liabilities or anticipated income. Specifically, she argues that Hank Ton failed to disclose a pickup truck valued at $15,000 that ABR transferred to him or his interests in two LLCs and a general partnership that were formed after the filing of the bankruptcy petition. "The generally applicable test for good faith under section 1129(a)(3) is that the plan has been proposed with the legitimate and honest purpose to reorganize and has a reasonable hope of success."[14] At the confirmation hearing, the Bankruptcy Court stated that Appellant had not produced "any hard evidence that there's any intent or that there has been non-disclosure or willful non-disclosure of any assets."[15] Indeed, Hank Ton had explanations or remediations for many of these issues. Appellant has not provided any argument that the Bankruptcy Court misapplied the law or

---

[14] In re Vill. at Camp Bowie I, L.P., 454 B.R. 702, 709 (Bankr. N.D. Tex. 2011), *aff'd*, 710 F.3d 239 (5th Cir. 2013).

[15] Case No. 18-11101, Doc. 511 at 224.

evidence suggesting that any alleged non-disclosure was willful or in bad faith. Accordingly, she has again failed to establish grounds for reversal of the Bankruptcy Court's decision confirming the Plan.

### v.     The Mississippi Properties Are Not Subject to Security Interests

Appellant next states that that the loan documents for the "Mississippi Properties," as defined in the Plan, are inconsistent on their face as to who owes the indebtedness—Hank Ton or ABR. Appellant offers no other argument or explanation beyond this conclusory statement. Appellant does not explain how this alleged inconsistency affects confirmation of the Plan. Accordingly, this argument also fails.

### vi.     The Liquidator Has Conflicts of Interest

Next, Appellant complains that the Plan's liquidator, Patrick J. Gros, has conflicts of interest because he and his accounting firm also perform services for Debtor Hank Ton and some of his entities. She also points out that he sold motorcycles owned by the estate to another one of his clients. The Bankruptcy Court found that there was no evidence suggesting a conflict that would prevent Gros from "undertaking his obligations and his duties to this estate as a liquidator under this plan."[16] Appellant again fails to provide this Court with any evidence suggesting an actual conflict of interest. Appellant's conclusory statements and speculation are insufficient to find that the Bankruptcy Court erred in confirming the Plan.

---

[16] Case No. 18-11101, Doc. 511 at 226.

### vii.   *Motion to Convert to Chapter 7*

Finally, Appellant states that "for the foregoing reasons" Debtor's bankruptcy case should have been converted to one under Chapter 7. Appellant does not offer any argument or even provide this Court with the law governing the conversion of a Chapter 11 bankruptcy to a Chapter 7 bankruptcy. Accordingly, she has not carried her burden to show the Bankruptcy Court erred in denying her motion to convert to Chapter 7.

## **CONCLUSION**

For the foregoing reasons, the Bankruptcy Court's decision is **AFFIRMED**.

New Orleans, Louisiana this 21st day of March, 2022.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**